OPINION
Larry C. Jewell is appealing a decision from the Darke County Court of Common Pleas overruling his motion to vacate his sentence.
On November 23, 1994, Jewell pled guilty to one count of trafficking in marijuana in Case No. 94-CR-10984, and two counts of trafficking in marijuana in Case No. 94-CR-11006. The trial court held a sentencing hearing on December 15, 1994, and filed its judgment entry on February 9, 1995. According to the entry, the trial court sentenced Jewell to twelve months incarceration for the conviction in Case No. 94-CR-10984, and twelve months incarceration for the first count in Case No. 94-CR-11006, with fines of $4,000 imposed on each count. Regarding the second count in Case No. 94-CR-11006, which was a felony of the second degree, the trial court sentenced Jewell to an indefinite period of three to fifteen years incarceration and a mandatory $6,000 fine. All sentences were suspended except ninety days of the conviction in Case No. 94-CR-10984, on the condition that Jewell complied with the terms of his probation for a period not to exceed five years.
Jewell violated his probation and a probation revocation hearing was held on July 18, 2000. At that time, the trial court imposed Jewell's original sentence as set forth in the February 9, 1995 judgment entry.
On August 2, 2000, Jewell filed a motion to vacate his sentence. Jewell argued that at the sentencing hearing on December 15, 1994, Judge Lee A. Bixler had stated that Jewell would receive a three year sentence for the second count in Case No. 94-CR-11006, in accordance with the plea agreement. Jewell asserted that a "clerical error" in the sentencing entry had extended the sentence to an indefinite three to fifteen year sentence. The State responded by asserting that Judge Bixler's sentencing of Jewell conformed to the legislative mandates at the time, which was an indefinite sentence of three to fifteen years. Furthermore, the State asserted that because a court speaks through its journal entries, the sentence should not be vacated. The trial court overruled Jewell's motion on November 15, 2000, based upon the sentencing guidelines in place at the time of Jewell's sentencing.
On December 14, 2000, Jewell filed a notice of appeal with this court. He asserts one assignment of error regarding the trial court's overruling of his motion to vacate his sentence.
 I. The trial court erred as a matter of law in overruling Defendant-Appellant Larry C. Jewell's Motion to Vacate Sentence as a clerical error exists in the court's Judgment Entry.
Jewell argues that a discrepancy exists between what was explained to him during the sentencing hearing and what the February 9, 1995 judgment entry reflects, and that the trial court abused its discretion in concluding that the journalized entry had been correct, as the entry "does not reflect the true proceedings of the sentencing hearing."
The standard of review to be applied to the denial of a post-sentence motion to vacate a sentence is limited to whether the trial court abused its discretion. State v. Dickey (Dec. 27, 1989), Summit App. No. 14225, unreported. In order for a trial court to have abused its discretion, the court must demonstrate an unreasonable, arbitrary, or unconscionable attitude. State v. Adams (1980), 62 Ohio St.2d 151, 16 O.O.3d 169.
Preliminarily, we note that the transcripts from the plea hearing, held on November 23, 1994, and from the sentencing hearing, held on December 15, 1994, were not filed in this case. Jewell did not properly request the transcripts to be filed, as he had only requested that a "complete transcript of the trial proceedings, including opening statements, evidence, final arguments and, if jury trial, the voir dire and Court's instructions to the jury" be included in the record. (Emphasis added.) (Doc. No. 52, p. 1) As there was no trial in this case, and Jewell's description did not include the plea hearing nor the sentencing hearing, we must determine this case by examining the judgment entries at issue.
The judgment entry from the plea hearing, filed on December 15, 1994, indicates that Jewell had been advised that "the ultimate responsibility for sentencing rested with the Court," and that Jewell had accepted and had understood the plea agreement. The judgment entry from the sentencing hearing, filed on February 9, 1995, indicates that Jewell had been sentenced to an indefinite term of three to fifteen years on the second count in Case No. 94-CR-11006. If the trial court stated differently during the hearing, it is not part of the record, and therefore not before this court. Moreover, it is well established that a court speaks only through its journal entries. Hairston v. Seidner (2000),88 Ohio St.3d 57, 58. For these reasons, we overrule Jewell's assignment of error and find that Jewell received the proper sentence of an indefinite term of three to fifteen years for the conviction at issue.
In any event, had the transcripts been properly filed in this case, we would not have concluded differently. Any discrepancy between what the trial court had stated to Jewell during the sentencing hearing and what the judgment entry stated would have been resolved by looking toward the entry. See Hairston, supra. Moreover, the three to fifteen year indefinite sentence that Jewell received for his conviction, which was a felony of the second degree, had been the appropriate sentence under R.C. 2929.11(B)(5) as it read prior to the July 1, 1996 amendments. Accordingly, we overrule Jewell's assignment of error and find that the trial court did not abuse its discretion in overruling his motion to vacate.
As a final matter, though the trial court properly overruled Jewell's motion to vacate his sentence, we have discovered two errors in the November 15, 2000 judgment entry. In this entry, the trial court stated that it had properly set forth the sentencing "in the entry filed on January 15, 1995" which was for an "indefinite term of 24 months, 30 months, 36 months or 48 months to a maximum of 10 years." We note the existence of two clerical errors, as the sentencing entry at issue was filed on February 9, 1995, and the statute at issue, R.C. 2929.11(B)(5), requires that a second degree felony be punished by a minimum term of incarceration of two, three, four or five years and a maximum term of fifteen years. Since the trial court may correct clerical errors at any time under Crim.R. 36, this case will be remanded to the trial court to correct the clerical errors in the November 15, 2000 judgment entry to make that judgment entry conform to the February 9, 1995 judgment entry. See State v. Johnson (Feb. 4, 2000), Hamilton App. No. C-990082, unreported; State v. Burgermeister (Oct. 25, 1990), Cuyahoga App. No. 57649, unreported.
The judgment of the trial court is affirmed. This case is remanded to the trial court to correct the clerical errors in the November 15, 2000 judgment entry to reflect that it had properly set forth the sentencing in the February 9, 1995 judgment entry, which was for an indefinite term of three to fifteen years incarceration.
 ___________________ YOUNG, J.
WOLFF, P.J. and BROGAN, J., concur.